No. 1040

## LEHMAN, etc. v. NAT. QUARRIES CO.

### No. 20138. Supreme Court

On motion to certify. Dock. Oct. 22, 1926, 4 Abs. 727.

492. EXPLOSIVES—Upon facts which showed that a company had no dynamite magazines as provided by 5903-26 GC. and left a stick of dynamite lying upon its premises, has a child a cause of action against said company when injured by the explosion of said dynamite?

206. CARE—Does a Company engaged in the dangerous operation of blasting owe a much higher degree of care to children?

Harold Lehman, by his next friend Blanche Pifer, filed his original action in the Allen Common Pleas to recover for injuries sustained by him due to the explosion of dynamite. The facts upon which the action was predicated were that Lehman, a boy of thirteen, in company with another boy of eleven years, went upon the premises of the National Quarries Co. and there found a stick of dynamite lying upon some steps leading down into the quarry. The boys took said dynamite into a woods nearby where they exploded it.

The Quarry Co. had no magazines of either the first or second class in which to store their dynamite and as there was no definite place to keep same it was stored at various places over the quarry. The trial court at the close of Lehman's testimony directed a verdict in favor of the Company and on review the Allen Court of Appeals affirmed the lower court.

Lehman contends in the Supreme Court:

1. That 5903-26 GC. provides that dynamite shall be kept in separate magazines, etc., and that explosion caps shall not be stored in the same place; and that the company at the time of the injury had complied with none of said provisions.

2. The Supreme Court has held that one is not permitted to expose a torpedo or dangerous instrument so that a boy may pick it up, and if personal injury results, the company will be liable. 45 OS. 11.

3. That there is a distinction between cases where injury is caused by a dangerous statical condition and premises where dangerous active operations are being carried on; that in the latter case a much higher degree of care is necessary in protecting children.

4. That the court erred in ordering Lehman to strike from his petition the words "Carelessly, negligently, recklessly, wanton, wilful and unlawful" when the action was brought upon the facts in the case.

Attorneys—J. K. Rockey and Clarence J. Miller for Lehman; Wheeler, Bently & Neville for Company; all of Lima.

No. 1041

## BURNS, Rec. v. KNIGHT & KELLY

### No. 20146. Supreme Court

On motion to certify. Dock. Nov. 1, 1926, 5 Abs. 742.

237. CLAIMS—Can one sued by a receiver of a corporation for money due, set off money owed him by a stockholder of said corporation?

681. JURISDICTION—Can the Court of Appeals remand a case to the Common Pleas Court in such a way as to collaterally attack the action and jurisdiction of the insolvency court in appointing a receiver?

Howard F. Burns as receiver for the Fairmount Pharmacy brought an action in the Cuyahoga Common Pleas against Wallace I. Knight to recover money in his hands belonging to the corporation and upon cross-petition of Knight, Kelly was made a party defendant.

Knight set up by way of answer and defense, that the corporation owed him money for legal services and that Kelly owed him money and was practically the sole stockholder in the Company. The trial court allowed the attorneys fees but would not permit any evidence of Knight's claim against Kelly.

The Cuyahoga Court of Appeals reversed the judgment on the ground that the court erred in refusing to admit testimony of Knight's claim against Kelly and in remanding the case required the Common Pleas in effect to review the action of the insolvency court in appointing a receiver. Burns contends in the Supreme Court:

1. The Court of Appeals erred in allowing the defendant to set off against the claim of the corporation a debt due from a stockholder. It is claimed that Knight can no more plead a set-off due him from Kelly than he could in an action by the corporation.

2. The Court of Appeals erred in requiring a collateral attack by the Common Pleas Court upon the judgment of the insolvency court.

"The appointment of a receiver for a private corporation by a state court of general jurisdiction having power under the state statutes to make such appointment in a proper case is a judicial act, which cannot be questioned collaterally by any other court."

Attorneys—Howard F. Burns for Receiver; Stearns, Chamberlain & Royon for Knight; Locher, Green & Woods for Kelly; all of Cleveland.